## TERM PROMISSORY NOTE

$129,269.33                                                                                           March 15, 2016
                                                                                                              Atlanta, Georgia

FOR VALUE RECEIVED, the undersigned THEODORE A. WOOD, jointly and severally with WOOD IP LLC (hereinafter referred to as "Maker"), promises to pay to the order of PARKS IP LAW LLC (hereinafter referred to as "Payee") at such place as the Payee may designate, the principal sum of One Hundred Twenty-Nine Thousand, Two Hundred Sixty Nine and 33/100 Dollars ($129,269.33), together with interest accruing from the Commencement Date on so much of the principal balance of this Note as may be outstanding and unpaid from time to time, at the rate per annum equal to the Interest Rate (as hereinafter defined).

As used herein the term "Interest Rate" shall mean twelve percent (12%) per annum.

<u>Terms of Payment</u>:  Commencing on May 1, 2016 (the "Commencement Date") principal and interest shall be due and payable to Payee as follows:

Twenty-four (24) payments of $6,085.16 (Six Thousand Eighty-Five Dollars and 16/100), towards principal and interest on remaining principal, to be made on the first of each month until fully paid.  Principal and interest due under the Promissory Note are payable at the following address: 730 Peachtree St. NE, Suite 600, Atlanta Georgia 30308, or such other place that the Payee my designate.

All payments hereunder received from Maker by Payee shall be applied first to the payment of accrued but unpaid interest, and then to reduction of the outstanding principal balance (in inverse order of maturity whether or not then due), but such application shall not reduce the amount of the fixed monthly installments, if any, required to be paid hereunder.  All amounts due under this Note shall be payable without setoff, counterclaim or any other deduction whatsoever.

Each of the following events shall constitute an "<u>Event of Default</u>": (1) failure by Maker to pay when due any monies owed hereunder; or (2) if Maker (a) is voluntarily adjudicated to be bankrupt or insolvent, (b) voluntarily files any petition or commences any case or proceeding under any provision or chapter of Title 11 of the United States Code (the "<u>Federal Bankruptcy Code</u>") or any other foreign, federal or state law relating to insolvency, bankruptcy, rehabilitation, liquidation or reorganization, (c) has a petition filed or any case or proceeding described in (b) above commenced against Maker, unless such petition and the case or proceeding initiated thereby is dismissed within sixty (60) days from the date of the filing, (d) makes a

general assignment for the benefit of his creditors, (e) admits in writing that he is generally not able to pay its debts as they mature, or generally is not paying his debts as they mature, or (g) becomes insolvent, as that term is defined in the Federal Bankruptcy Code.  Upon the occurrence of an Event of Default, the unpaid principal balance and all accrued interest shall be immediately due and payable, and may be collected forthwith. In addition, Payee may seek any remedy available under applicable law, and may demand security, additional security, or additional parties to be obligated to pay this Note as a condition to refraining from doing so.

Prepayment Provision:  Maker may prepay this Note in whole or in part at any time, from time to time and without penalty or premium.  Each such prepayment shall be applied, first, to unpaid interest accrued through the date of such prepayment, and then to installments of principal in their inverse order of maturity without affecting Maker's obligation hereunder to pay any remaining immediately future installments of principal according to the provisions of this Note.

The Promissory Note is made in repayment of a loan made from Payee to Maker, which Maker has agreed to repay in accordance with these terms, and Maker expressly agrees and acknowledges that such debt is owed and that proper consideration for this Note has been given and received.

Waiver:  Demand, presentment, notice, notice of demand, notice for payment, protest and notice of dishonor are hereby waived by Maker.

Payee shall not be deemed to waive any of its rights hereunder unless such waiver be in writing and signed by Payee.  Any failure on the part of Payee at any time to require the performance by Maker of any of the terms or provisions hereof, even if known, shall in no way affect the right thereafter to enforce the same, nor shall any failure of Payee to insist on strict compliance with the terms and conditions hereof be taken or held to be a waiver of any succeeding breach or of the right of Payee to insist on the strict compliance with the terms and conditions hereof.

Terms:  The term "Maker" shall include heirs, legal representatives, successors and assigns of the Maker.  The term "Payee" as used herein shall, when the circumstances or the content requires, include legal representatives, successors and assigns of Payee.

Governing Law:  This Note shall be governed by, and construed in accordance with, the laws of the State of Georgia.

<u>Jurisdiction and Venue</u>: Any action or proceeding between Maker and Payee must be brought in the State of Georgia, Fulton County, and Maker consents to such jurisdiction and venue.

<u>Attorney's Fees and Expenses</u>: Maker shall pay all costs of collection, including, without limitation reasonable attorney's fees and expenses, if this Note is collected by or through an attorney.

Executed under hand and seal effective as of the date and year first above written.

Makers:

_____
Theodore A. Wood

_____
Wood IP LLC
By:   Theodore A. Wood


COUNTY OF Montgomery

Before me personally came Theodore A. Wood, Esq., known to me or proved to me on the basis of satisfactory evidence to be the individual described in, and who executed the foregoing Separation Agreement and Release, and who, by me duly sworn, did depose and say that deponent resides at 18017 Black Gold Way, Boyds MD 20841, and who duly acknowledged to me that he executed the foregoing Separation Agreement and Release in his individual capacity as his free, knowing and voluntary act, and that by his signature on the foregoing Separation Agreement and Release, executed the same.

Sworn to before me this 25 day of March, 2016.

_____
Notary Public

SHEENA NICELY
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
MY COMMISSION EXPIRES 2/25/20

Page 3 of 3