[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11178
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04365-TWT

PARKS IP LAW, LLC,

                                                                         Plaintiff - Appellee,

versus

THEODORE A. WOOD,
WOOD IP, LLC,

                                                                           Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 8, 2018)

Before MARCUS, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this interlocutory appeal,* Theodore Wood and Wood IP, LLC ("Defendants") appeal the district court's denial of Defendants' motion to compel arbitration of Parks IP Law, LLC's ("Parks IP" or "Firm") state law claim for breach of contract. Reversible error has been shown, we reverse the denial and remand.

Wood was employed by Parks IP and ultimately resigned his employment to start his own firm (Wood IP, LLC). On 25 March 2016, Wood and Parks IP executed a Separation Agreement and Release. Among other things, the parties expressed a "desire to divide, assign, or allocate, between the Firm and Wood IP LLC, certain assets, liabilities, and obligations of the Firm."

Section XIX of the Separation Agreement -- entitled "Debts of the Firm" -- includes this language:

> In recognition of the mutually recognized benefits realized by Wood between 2012 and the Separation Date . . . Wood and Wood IP LLC agree, jointly and severally, to be hereby liable for and to pay to the Firm one third of the Firm Debt that existed as of March 7, 2016. An accounting of the Firm Debt, along with a payment schedule, is attached as **Schedule 2**. Wood agrees to execute the Promissory Note attached hereto as **Schedule 3**.

---

* Orders denying a motion to compel arbitration are immediately appealable, pursuant to 9 U.S.C. § 16.

(bold in original). Schedule 2 sets forth a list of the Firm's outstanding debts, and also includes this language about the payment schedule: "As detailed in the Promissory Note (**Schedule 3**), Wood shall pay to the Firm one third . . . of the foregoing Firm Debt . . . over a term of 24 months, at twelve percent (12%) per annum." (bold in original). Attached as Schedule 3 to the Separation Agreement is the Promissory Note at issue in this appeal, which was executed the same day as the Separation Agreement: 25 March 2016.

The Separation Agreement also includes an arbitration clause, which provides as follows:

> XL. Any and all issues, disputes, claims or controversies arising out or relating to this Agreement or the employment relationship with the Firm, or the validity, enforceability, interpretation, performance, breach or termination of this Agreement, shall be resolved exclusively by binding arbitration in Atlanta, Georgia, in accordance with the rules of the American Arbitration Association, and judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

In November 2017, Parks IP filed this civil action against Defendants, alleging a breach of the Promissory Note. Defendants moved the district court to compel arbitration pursuant to Section XL of the Separation Agreement. The district court denied Defendants' motion on grounds that the Promissory Note contained no arbitration clause and no reference to the Separation Agreement. This appeal followed.

"We review de novo a district court's denial of a motion to compel arbitration." Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc., 845 F.3d 1351, 1354 (11th Cir. 2017).

"[A]rbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1745 (2011) (quotation omitted). "A court cannot compel parties to arbitrate their dispute in the absence of [a] clear agreement to do so." Larsen v. Citibank FSB, 871 F.3d 1295, 1302 (11th Cir. 2017). In determining whether an agreement to arbitrate exists, we "apply ordinary state-law principles that govern the formation of contracts." Id. at 1303. That the contracts pertinent to this appeal are governed by Georgia law is undisputed.

In construing a contract under Georgia law, the court first must determine whether the contract language is "clear and unambiguous." Atlanta Dev. Auth. v. Clark Atlanta Univ., Inc., 784 S.E.2d 353, 357 (Ga. 2016). If so, "the contract is to be enforced according to its clear terms; the contract alone is looked to for its meaning." Id. If, however, the court determines that the contract language is ambiguous, the court attempts to resolve the ambiguity by applying rules of contract construction. Id.

Documents that "are executed at the same time in the course of the same transaction . . . should be read and construed together." Hardin v. Great N. Nekoosa Corp., 229 S.E.2d 371, 374 (Ga. 1976). Moreover, "a court should, if

4

possible, construe a contract so as not to render any of its provisions meaningless." Sofran Peachtree City LLC v. Peachtree City Holdings, 550 S.E.2d 429, 432 (Ga. Ct. App. 2001).

That the Promissory Note itself contains no arbitration clause and no reference to the Separation Agreement is not determinative of whether disputes about the Promissory Note may still be subject to arbitration. The record makes clear that both the Separation Agreement and the Promissory Note were executed contemporaneously as part of the same transaction between Wood and Parks IP. Accordingly, the documents shall be construed together. See Hardin, 229 S.E.2d at 374.

Interpreting these documents together reveals no ambiguity or conflict. The Separation Agreement provides that Wood and Wood IP, LLC agree to assume liability for and pay back to Parks IP a portion of the Firm Debt. The Promissory Note -- which is referenced expressly in the Separation Agreement and attached as a schedule to the Separation Agreement -- is an instrument by which the parties further evidenced Defendants' obligations under the Separation Agreement. The parties do not dispute that the payment terms set forth in the Promissory Note are consistent with the terms established in Schedule 2 of the Separation Agreement.

In support of its position that arbitration is improper, Parks IP relies on this language in the Promissory Note: "Jurisdiction and Venue: Any action or

proceeding between Maker and Payee must be brought in the State of Georgia, Fulton County, and Maker consents to such jurisdiction and venue." Parks IP contends that this language conflicts with the language of arbitration clause and also shows the parties' intent to resolve disputes only in federal or state court within Fulton County, Georgia. We disagree.

First, nothing about the phrase "action or proceeding" can be construed reasonably as precluding arbitration or as inconsistent with the Separation Agreement's arbitration clause. The word "action" can readily mean the "process of doing something; conduct or behavior" or "a thing done": the word "action" does not rule out arbitration. See Action, Black's Law Dictionary (10th ed. 2014). Meanwhile, the Georgia Arbitration Code uses the term "proceeding" in describing the arbitration process. See O.C.G.A. §§ 9-9-8 (providing that "[t]he arbitrators or any party to the proceeding may have the proceedings transcribed by a court reporter."); 9-9-18 (establishing procedures for the commencement or continuation of arbitration "proceedings" upon the death or incompetency of a party who has agreed to arbitrate). Thus, we easily read the phrase "action or proceeding" as sufficiently broad to encompass arbitration proceedings.

Moreover, although we acknowledge the existence of a difference between the description of jurisdiction in the Separation Agreement (Atlanta, Georgia) and the description of jurisdiction identified in the Promissory Note (Fulton County,

6

Georgia), we see no true conflict. All this language can be construed together reasonably to mean the part of Atlanta, Georgia that is within Fulton County. Cf. Sofran Peachtree City, LLC, 550 S.E.2d at 432 ("one of the most fundamental principles of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless."). Nor are we persuaded that the language of the Promissory Note's jurisdiction-and-venue clause conflicts with or renders ambiguous the language about arbitration in the Separation Agreement. The plain language of the jurisdiction-and-venue clause speaks only to the agreed-upon jurisdiction and venue for resolving disputes between the parties under the Promissory Note: commands nothing about resolving disputes in a law court instead of through arbitration.

Having concluded that disputes about the Promissory Note may be subject to arbitration, we next determine whether Parks IP's claim against Defendants falls within the scope of the Separation Agreement's arbitration clause. We conclude that it does.

The parties agreed unambiguously to arbitrate all claims "arising out or relating to this Agreement or the employment relationship with the Firm, or the validity, enforceability, interpretation, performance, breach or termination of this Agreement . . .." We have no difficulty in concluding that the claim at issue in this appeal -- that Defendants allegedly failed to make payments to Parks IP and, thus,

defaulted on the Promissory Note -- constitutes a claim "arising out or relating to" the Separation Agreement, the performance or breach of the Separation Agreement, or of Wood's employment relationship with Parks IP.

We conclude -- as a matter of Georgia law -- that the parties agreed to arbitrate the kind of dispute at issue in this civil action. The district court thus erred in denying Defendants' motion to compel arbitration. We reverse the denial of Defendants' motion to compel arbitration and remand for further proceedings.

REVERSED AND REMANDED.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 08, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-11178-AA
Case Style: Parks IP Law, LLC v. Theodore Wood, et al
District Court Docket No: 1:17-cv-04365-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellee.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs